UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDIWELI JAMA, | Case No. 22-CV-483 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| WRIGHT COUNTY, OFFICER MICHAEL PETERSON, MEND CORRECTIONAL CARE, PLLC, MELANIE HIRSCH, KIEFER PRUDHOMME, | |
| Defendants. | |

This matter is before the Court on the parties' letters (Dkt. Nos. 42–45) and Plaintiff's Motion to Stay the Scheduling Order or Extend All Pending Deadlines by 90 Days ("Motion to Stay," Dkt. No. 47). The case has been referred to the undersigned United States Magistrate Judge for the resolution of pretrial matters under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court held a motion hearing on January 27, 2023. (Hr'g Mins. 1.) Nicholas Ratkowski, Esq. represented Plaintiff (*Id.*). Aaron Bostrom and Stephanie Angolkar represented Defendants Wright County and Officers Peterson and Prudhomme ("Wright County Defendants"). (*Id.*) Taylor McKenney appeared on behalf of Defendants MEnD Correctional Care ("MEnD") and Ms. Hirsch ("MEnD Defendants"). (*Id.*)

Plaintiff's Motion to Stay is granted in part and denied in part. The case is not stayed, but the deadlines in the original scheduling order (Dkt. No. 31) will be extended 90 days

to accommodate any delays or additional motion practice prompted by MEnD's bankruptcy proceeding. Absent an order from the Bankruptcy Court, this Court considers the automatic stay to apply to MEnD only, and to no other defendants.

## I.     BACKGROUND

Plaintiff claims that Defendants violated his constitutional rights and committed torts against him while he was a pretrial detainee at the Wright County Jail. (Compl. at ¶ 1.) Plaintiff alleges Defendant Prudhomme broke his arm in an instance of excessive force and claims all defendants were deliberately indifferent in failing to provide adequate medical treatment. (*Id.* at ¶¶ 136–37, 139–42.) Plaintiff alleges that Wright County's policies and customs subject them to liability under *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). (*Id.* at ¶138.)

On December 1, 2022, Defendant MEnD filed a notice of bankruptcy. (Dkt. Nos. 39, 40.) A defendant who has commenced a voluntary bankruptcy proceeding under Chapter 11 of the Bankruptcy Act is entitled to an automatic stay of judicial proceedings against it under 11 U.S.C. § 362(a)(1). *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992). However, absent unusual or extraordinary circumstances, a "stay is not available to nonbankrupt codefendants, 'even if they are in a similar legal or factual nexus with the debtor.'" *Id.* (citing *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1992)). The Court asked each of the non-bankrupt defendants to file a letter "with their position on whether the bankruptcy stay should apply to them." (Dkt. No. 41.) The

Wright County Defendants responded that they could "proceed with discovery, expert discovery, and motion practice . . . without MEnD." (Dkt. No. 19.)

Ms. Hirsch submitted that the automatic stay should apply to her as well as MEnD, because MEnD must indemnify her and a judgment against her would affect MEnD's estate in bankruptcy. (Dkt. No. 43.) Plaintiff disagreed, arguing that there is no proof that MEnD must indemnify Ms. Hirsch and, if indemnification is not automatic, the stay should not apply to her. (Dkt. No. 44.) Ms. Hirsch replied that Minnesota's indemnification statute (Minn. Stat. § 181.970) makes indemnification automatic. (Dkt. No. 45.) Ms. Hirsch also claimed that she is not the custodian of any records regarding the claims against her. (*Id.*)

On December 30, Plaintiff filed his Motion to Stay (Dkt. No. 47.) Plaintiff moves to "stay all deadlines" in the case or, in the alternative, moves to stay all proceedings in the case until MEnD's bankruptcy stay is lifted or, again in the alternative, moves to extend all deadlines by 90 days. (*Id.*) Plaintiff argues that discovery could proceed between him and the Wright County defendants, but that doing so would "effectively bifurcate[] the litigation," forcing him to litigate the case twice, wasting his own resources and the Court's time. (*Id.* at 6–9.) In his moving papers and at the motions hearing, Plaintiff foreshadowed the challenges he would have in serving discovery requests on MEnD and Ms. Hirsch—from whom he has received little discovery up to this point—should the case proceed without a stay. (*Id.* at 4 ("[W]ith respect to the issue of discovery from the Mend Defendants, Plaintiff has received next to nothing."))

The County Defendants replied that they will pursue a motion for summary judgment based on qualified immunity and that an indefinite stay of all deadlines would

3

delay such a motion and unfairly prejudice their defenses. (Dkt. No. 53, at 5.) They further argued that the "individual constitutional and tort claims against the Officers will be analyzed separately and distinctly from those against the MEnD Defendants," such that requiring Plaintiff to proceed against the Wright County Defendants first and the MEnD Defendants later would not waste resources. (*Id.* at 6.) At the motion hearing, counsel for the Wright County Defendants said that their clients would not oppose a 90-day extension of deadlines.

Counsel appeared for MEnD and Ms. Hirsch but took no position on the motion.

## II.    LEGAL STANDARDS

There are two types of stay potentially at issue, the automatic stay in bankruptcy and a federal district court's separate and independent authority to stay proceedings. A bankruptcy stay is automatic as to the debtor, but not co-defendants, except in unusual circumstances. *In re Panther Mountain Land Development, LLC*, 686 F.3d 916, 921 (8th Cir. 2012). Such unusual circumstances are rare, and the Eighth Circuit has typically been reluctant to find that unusual circumstances exist. *Id.*; *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1005 (N.D. Iowa 2001) ("Eighth Circuit caselaw . . . is illustrative of a generalized reluctance to expand the scope of the automatic stay provision of the Bankruptcy Code and to limit any expansion to truly extraordinary cases."). However, federal district courts "have the inherent power to stay the proceedings of an action, so as to control [the Court's] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Kemp v. Tyson Seafood Grp., Inc.*, No. 5:96-CV-173 (JRT/RLE), 19 F. Supp. 2d 961, 964 (D. Minn. May 5, 1998)

(citations omitted). This power exists independently of any automatic bankruptcy stay that may apply. When deciding whether to stay proceedings, courts have broad discretion. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

### III. ANALYSIS

The instant motion and the letters of the parties present two questions. First, does the automatic bankruptcy stay that applies to MEnD also apply to Ms. Hirsch? Second, should the Court stay the deadlines in the scheduling order until MEnD's bankruptcy proceedings are concluded, for a shorter period, or not at all?

**A. The Automatic Bankruptcy Stay Does Not Apply to Ms. Hirsch.**

In arguing that the stay should apply to her, Ms. Hirsch relies on *A.H. Robins Inc. v. Piccinin*, a products liability case involving a defective medical device. 788 F.2d 994, 1001–02 (4th Cir. 1986). In that case, the device manufacturer filed for Chapter 11 bankruptcy while facing "an avalanche of actions . . . seeking damages for injuries sustained" by users of the device. (*Id.* at 996.) The commencement of bankruptcy proceedings stayed the cases where the manufacturer was the only defendant, but plaintiffs in cases which included other defendants sought to proceed against those other named defendants. (*Id.*) Explaining that automatic bankruptcy stays are applicable to parties other than the debtor only in "unusual circumstances," such as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," the Fourth Circuit found that the bankruptcy stay

5

applied in that case. (*Id.* at 999, 1007–1008.) The Fourth Circuit found that a bankrupt defendant's insurance policy was an "important asset" and that any claims made by employees entitled to indemnification or listed as additional insureds under the policy should be stayed under the Bankruptcy Code to preserve that asset. (*Id.* 1001–1002.) After the Fourth Circuit made its decision, the Eighth Circuit entered a stay in a similar case proceeding in this circuit. *C.H. Robinson Co.*, 180 F. Supp. 2d at 1012–13.

The Eighth Circuit rarely finds that unusual circumstances exist warranting an extension of an automatic bankruptcy stay to non-bankrupt co-defendants. *C.H. Robinson Co.*, 180 F. Supp. 2d at 1005. It will extend a bankruptcy stay to non-bankrupt defendants only if "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Smith v. Blitz U.S.A., Inc.*, No. 11-CV-1771 (RHK/LIB), 2012 WL 12894843, at *3 (D. Minn. Mar. 2, 2012) (quoting *Ritchie Capital Mgmt. L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir. 2011) and noting this standard was somewhat different than *A.H. Robins Co.*).

As a threshold matter, this Court is not convinced that it has the authority to find that the automatic bankruptcy stay applies to Ms. Hirsch. *See Pub. Pension Fund Grp. v. KV Pharm. Co.,* No. 8-CV-1859 (CEJ), 2013 WL 1293816, at *2 (E.D. Mo. Mar. 28, 2013) ("[T]he Eighth Circuit has not definitively answered the question of whether a district court or a bankruptcy court should determine the applicability of the exception [to the general rule that stays only apply to bankrupt defendants].") When faced with this problem in a similar case, Magistrate Judge Brisbois found that "the issue of how the debtor's interests are best protected in this specific case is a question most appropriately brought before the

bankruptcy court directly dealing with that issue and by the party seeking to protect its interest." *Smith*, 2012 WL 12894843 at *3. The parties have not cited Eighth Circuit precedent holding that the District Court may extend an automatic bankruptcy stay without any involvement of the Bankruptcy Court. In the interests of judicial comity, this Court declines the invitation to extend its reach into bankruptcy matters.

Even assuming the Court did have the power to extend the automatic bankruptcy stay to Ms. Hirsch, it would decline that invitation because it is not clear that a judgment against Ms. Hirsch would "have an immediate adverse economic consequence for [MEnD's] estate." (*Id.*) Ms. Hirsch has provided no evidence that she is entitled to indemnification under MEnD's insurance policy. Even if she could do so, she has not explained what the limits of that indemnification are. Ms. Hirsch stated in her letter to the Court that she is covered under MEnD's insurance policy, but also stated that MEnD's insurer "is continuing to analyze a number of issues as to coverage and implications of the bankruptcy filing by MEnD in cases where individual providers are named defendants." (Dkt. No. 45, at 2.) This statement seems to suggest that there may be circumstances under which MEnD will not indemnify Ms. Hirsch. Ms. Hirsch correctly notes that Minn.Stat. § 181.970 subd. 1 provides automatic indemnification for employees, but that statute only applies when the employee is "not guilty of intentional misconduct, willful neglect of the duties of the employee's position, or bad faith." (Dkt. No. 45 at 1); Minn. Stat. §181.970 subd. 1(2) (2022).

Plaintiff claims that "[a]t the time Nurse Hirsch examined Jama's arm, the break in Jama's arm was so clear and obvious that any person, medical professional or otherwise,

7

would recognize that his arm was fractured," but that Ms. Hirsch said there was "nothing wrong" with Mr. Jama's arm and treated the fracture with only ice and over the counter painkillers. (Compl. at ¶ 65–68, 69, 83, 85, 86.) If a jury agrees with Plaintiff's version of events, it may find that Nurse Hirsch acted intentionally, willfully neglected her duties, or acted in bad faith. In that case, the statutory indemnification provision on which she relies would not apply. Additionally, Ms. Hirsch could be independently liable for the claims against her, even if MEnD were not a party. (Dkt. No. 44 at 1.) *See C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1015 (N.D. Iowa 2001) ("[U]nusual circumstances do not exist where the debtor's insider is independently liable . . . .").

In short, the Court will not extend the automatic bankruptcy stay to Ms. Hirsch because it is not convinced it has the authority to do so and is skeptical that a claim against her would immediately and adversely affect the MEnD estate in bankruptcy. While the Court declines to extend the automatic bankruptcy stay to Ms. Hirsch, it acknowledges that the stay itself presents logistical challenges in litigating this suit. To accommodate those challenges, the Court will extend the deadlines in the scheduling order by 90 days. This reprieve will allow the parties to pursue remedies before the Bankruptcy Court and it will give Wright County, Ms. Hirsch, and Plaintiff time to resume discovery and motion practice. The Court understands that litigating a case with or against a bankrupt defendant presents challenges. However, the Court will not grant an indefinite stay during a corporate bankruptcy which could take years to resolve. This case is now a year old. (Compl., Dkt. No. 2.) An indefinite stay would risk allowing the case to go unresolved for over three years, which is a decidedly unfavorable outcome. *See, e.g., E3 Biofuels, LLC v. Biothane,*

8

*LLC*, No. 8:11-CV-44 (LSC/FAG), 2013 WL 3337315, at *4 (D. Neb. July 2, 2013) (citing *Zip Dee, Inc. v. Dometic Corp.*, 926 F. Supp. 772, 775 (N.D. Ill. 1996) (describing Congress's requirement in the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 476(a)(3), that all three year old cases be publicly reported and stating that, "[a]lthough . . . no talismanic significance is to be attributed to a lawsuit's passing its third anniversary, the enactment of that provision . . . is one of the indications of Congress'[s] deep concern (one that the courts have long held) that justice delayed may be justice denied.").

### IV. CONCLUSION

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Plaintiff's Motion to Stay (Dkt. No. 47) is **GRANTED IN PART AND DENIED IN PART**. The case is not stayed but the deadlines will be delayed 90 days from the date of this order. The Court will issue a new scheduling order.

Date: February 27, 2023

      *s/ John F. Docherty*
      JOHN F. DOCHERTY
      United States Magistrate Judge